IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cr-04007-SRB-01 |
| ) | |
| CHAUNCEY ERIN HOWARD, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY

Defendant Chauncey Erin Howard appeared before me pursuant to Fed. R. Crim. P. 11, Local Rule 72.1(b)(1)(J), and 28 U.S.C. § 636 and entered a plea of guilty pursuant to Fed. R. Crim. P. 11 to Count 2 of the indictment, that is, possession of a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. § 924(g)(c)(1)(A)(i). The defendant also agrees to forfeit to the United States the property described in the asset forfeiture allegation of the Indictment. The Plea Agreement states that the United States agrees to dismiss Count I of the Indictment at the time of sentencing. I determined that the guilty plea is knowledgeable and voluntary and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense.

A record was made of the proceedings and a transcript has been requested.[1]

---

[1] For the proceeding, the prosecutor, defense counsel, defendant, and judge appeared by video teleconference. Through written motion, defense counsel requested that this matter be taken up by video teleconference. The defendant waived his right to appear in person and consented to appearing by video teleconference. An offer was made to set up a private breakout room for defendant and counsel, if requested. The defendant's image and voice were clear, and I confirmed he could see and hear me and the lawyers clearly. I proceeded without the defendant physically present because, during the national emergency created by the novel coronavirus, he could not be physically present without seriously jeopardizing public health and safety. See the Court's Superseding General Order (implementing Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ["CARES Act"], and action by Judicial Conference authorizing video teleconferencing under certain circumstances). I did not postpone the plea because the defendant and his lawyer contended, and I found, delay of the plea would cause serious harm to the interests of justice.

Based on the foregoing, it is

RECOMMENDED that defendant Chauncey Erin Howard's plea of guilty be accepted and that defendant Howard be adjudged guilty and have sentence imposed accordingly.

Failure to file written objections to this Report and Recommendation within fourteen days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge.   28 U.S.C. § 636(b)(1).

*/s/ Sarah W. Hays*
Sarah W. Hays
United States Magistrate Judge

May 26, 2022
Jefferson City, Missouri